THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov
September 20, 2022

Opposition No. 91269057

*PepsiCo, Inc.*

*v.*

*Arriera Foods LLC*

**Before Taylor, Goodman and English,**
    **Administrative Trademark Judges.**

**By the Trademark Trial and Appeal Board:**

This case is now before the Board on: (1) Applicant's June 4, 2021 motion to dismiss Opposer's originally-filed notice of opposition for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6);[1] (2) Applicant's June 30, 2021 motion to dismiss Opposer's proposed amended notice of opposition[2] under Fed. R. Civ. P. 12(b)(6);[3] and (3) Applicant's counsel's April 10, 2022 motion for withdrawal.[4]

---

[1] 4 TTABVUE.

[2] 8 TTABVUE.

We note the entry of appearance and change of correspondence address of Opposer's counsel, both filed June 24, 2021. 6 and 7 TTABVUE. The Board's records have been updated accordingly.

[3] 9 TTABVUE.

[4] 11 TTABVUE. We address this motion at the end of this order. A copy of the motion to withdraw has been placed in the file for the application involved in this proceeding.

## I.     Preliminary Issue

Applicant seeks registration of the standard character mark TORTRIX for "corn-based snack foods," in International Class 30.[5] On March 3, 2021, the Board granted PepsiCo, Inc. ("PepsiCo") an extension of time until May 1, 2021 to oppose the application. On April 29, 2021, a notice of opposition was timely filed. The ESTTA coversheet to the notice of opposition identified PepsiCo as the sole opposer, but the body of the notice of opposition identified both PepsiCo and "its wholly owned subsidiary Fabrica de Productos Alimenticios Rene Y Cia S. En. C." ("Fabrica") as joint opposers.

Two or more parties may file an opposition, but "[t]he opposition **must** be accompanied by the required fee for each party joined as opposer for each class in the application for which registration is opposed." Trademark Rule 2.101(c), 37 C.F.R. § 2.101(c) (emphasis added); *see also* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 308.03 (2022). Because PepsiCo was the only opposer identified in the ESTTA coversheet to the notice of opposition, the fee for only one opposer, PepsiCo, was charged and paid.

Accordingly, Fabrica is not a party to this proceeding and, because the opposition period is closed, cannot be added as an opposer. *Syngenta Crop Prot. Inc. v. Bio-Chek LLC*, 90 USPQ2d 1112, 1115 n.2 (TTAB 2009) (where only one opposer was identified and charged during the filing process, second named opposer not considered party to

---

[5] Application Serial No. 90171766, filed September 10, 2020, based on Applicant's alleged bona fide intention to use the mark in commerce under Trademark Act Section 1(b), 15 U.S.C. § 1051(b).

proceeding); *SDT, Inc. v. Patterson Dental Co.*, 30 USPQ2d 1707, 1709 (TTAB 1994) (opposer's licensee, having failed to join opposer in filing opposition during extension of time to oppose, cannot be joined after opposition is filed); *see also* TBMP § 303.05(b) ("Once a timely notice of opposition has been filed, and the time for opposing has expired, the right to pursue the filed case is a right individual to the timely filer.").

## II. Opposer's Amended Notice of Opposition Filed as a Matter of Course

Opposer filed its amended notice of opposition on June 24, 2021, within twenty-one days of service of Applicant's June 4, 2021 motion to dismiss. A plaintiff may amend its complaint once as a matter of course within twenty-one days after service of a responsive pleading or a motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B). Accordingly, Opposer's amended notice of opposition was filed as a matter of course and is Opposer's operative pleading in this proceeding. *Id.*

Applicant's motion to dismiss Opposer's original notice of opposition is therefore moot and will be given no further consideration. *Dragon Bleu (SARL) v. VENM, LLC*, 112 USPQ2d 1925, 1926 (TTAB 2014).

## III. Applicant's Motion to Dismiss Opposer's Amended Notice of Opposition

### A. Background

In its amended notice of opposition, Opposer pleads the following grounds for opposition:[6]

(1) "The TORTRIX mark is being or will be used by, or with the permission of, Applicant so as to misrepresent the source of the Goods on or in connection with which the mark is used. Registration of the Application therefore is unlawful and should be refused pursuant to 15 U.S.C. § 1064(3)";

(2) Applicant did not and "does not have a bona fide intention to make lawful use of the TORTRIX mark in the United States"; and

(3) "Applicant seeks to procure registration of the applied-for mark through fraud."

8 TTABVUE 5-6, ¶¶ 17, 19 and 20.

---

[6] Opposer pleads two additional "counts" for opposition, namely, that (1) "Applicant is not entitled to use the TORTRIX mark in commerce. Registration of the Application should therefore be refused under 15 U.S.C. § 1051(b)," 8 TTABVUE 5, ¶ 16; and (2) "Registration of the Application is barred by 15 U.S.C. § 1051 because the facts recited in the Application are not true." *Id.* at ¶ 18. Neither "count" identifies a cognizable ground for opposition under the Trademark Act on its own. Rather, the first allegation is applicable to the entire opposition and the second allegation is subsumed within Opposer's fraud claim.

To the extent the amended notice of opposition may be construed as alleging that Applicant did not adopt the TORTRIX mark in good faith because it was aware of Opposer's use of the TORTRIX mark outside the United States (8 TTABVUE 3, ¶ 6), no such claim is available. *Person's Co. v. Christman,* 900 F.2d 1565, 14 USPQ2d 1477, 1480 (Fed. Cir. 1990) ("Knowledge of a foreign use does not preclude good faith adoption and use in the United States.").

In lieu of filing an answer to the amended notice of opposition, Applicant filed the motion to dismiss before us now, asserting that Opposer does not have "standing"; that Opposer has failed to allege "any interest in a US common law or federal trademark"; and that Opposer has not pleaded "any basis that would provide Opposer a claim upon which relief can be granted." 9 TTABVUE 3.

### B. Analysis

A motion to dismiss for failure to state a claim upon which relief can be granted is a test solely of the sufficiency of the complaint. *Advanced Cardiovascular Sys. Inc. v. SciMed Life Sys. Inc.*, 988 F.2d 1157, 26 USPQ2d 1038, 1041 (Fed. Cir. 1993); *NSM Res. Corp. v. Microsoft Corp.*, 113 USPQ2d 1029, 1032 (TTAB 2014); *Covidien LP v. Masimo Corp.*, 109 USPQ2d 1696, 1697 (TTAB 2014). To withstand a motion to dismiss, a plaintiff need only allege facts that, if proved, would allow the Board to conclude, or to draw a reasonable inference, that: (1) the plaintiff is entitled to bring a statutory cause of action;[7] and (2) a valid ground exists for seeking to oppose registration. *See, e.g., Young v. AGB Corp.*, 152 F.3d 1377, 47 USPQ2d 1752, 1754 (Fed. Cir. 1998); *Lipton Indus., Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 213 USPQ 185, 187 (CCPA 1982); *Nike, Inc. v. Palm Beach Crossfit Inc.*, 116 USPQ2d 1025, 1028 (TTAB 2015).

---

[7] Board decisions have previously analyzed the requirements of Sections 13 and 14 of the Trademark Act, 15 U.S.C. §§ 1063-64, under the rubric of "standing." Despite the change in nomenclature, the Board's prior decisions and those of the Federal Circuit interpreting Sections 13 and 14 remain applicable. *See Spanishtown Enters., Inc. v. Transcend Res., Inc.*, 2020 USPQ2d 11388, at *2 (TTAB 2020).

For purposes of determining a motion to dismiss for failure to state a claim, the complaint must be examined in its entirety, construing the allegations liberally, as required by Fed. R. Civ. P. 8(e). *IdeasOne Inc. v. Nationwide Better Health*, 89 USPQ2d 1952, 1953 (TTAB 2009); *Fair Indigo LLC v. Style Conscience*, 85 USPQ2d 1536, 1538 (TTAB 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and are not accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. 544, 555 (2007). All well-pleaded, material allegations in the complaint are accepted as true and are construed in the light most favorable to the plaintiff. *Ritchie v. Simpson*, 170 F.3d 1092, 50 USPQ2d 1023, 1027 (Fed. Cir. 1999); *Young*, 47 USPQ2d at 1754; *Advanced Cardiovascular Sys.*, 26 USPQ2d at 1041; *Fair Indigo*, 85 USPQ2d at 1538.

In defending a motion to dismiss, a plaintiff does not bear the burden of proving its case in its complaint. *NSM Res. Corp.*, 113 USPQ2d at 1032; *Enbridge, Inc. v. Excelerate Energy Ltd. P'ship*, 92 USPQ2d 1537, 1543 n.10 (TTAB 2009). Whether a plaintiff ultimately can prove its allegations is a matter to be determined at trial or on summary judgment, if appropriate. *Advanced Cardiovascular Sys.*, 26 USPQ2d at 1041; *Covidien LP*, 109 USPQ2d at 1697, n.3.

### 1. Availability of Misrepresentation of Source Claim in an Opposition

Since Opposer's allegations of entitlement to a statutory cause of action arise from its misrepresentation of source claim, we begin with a review of the availability of such a claim in an opposition.

The Trademark Act does not expressly provide that misrepresentation of source is an available claim in an opposition. Rather, misrepresentation of source is identified in Section 14(3) of the Trademark Act as a claim that may be brought against a registered mark "at any time." 15 U.S.C. § 1064(3).

To determine whether misrepresentation of source is an available ground for relief in an opposition, we look at the nature of the claim. Misrepresentation of source refers to the blatant misuse of a mark, or conduct amounting to the deliberate passing-off of one's goods as those of another. *Bayer Consumer Care AG v. Belmora LLC,* 110 USPQ2d 1623, 1632 (TTAB 2014) ("In order to prevail, petitioner must show that respondent took steps to deliberately pass off its goods as those of petitioner."), *rev'd on other grounds*, 84 F. Supp. 3d 490 (E.D. Va. 2015), *vacated and remanded* 819 F.3d 697 (4th Cir. 2016), *cert denied*, 137 S. Ct. 1202 (2017), *aff'd on remand*, 338 F. Supp. 3d 1477 (E.D. Va. 2018), *district court decision vacated and remanded*, 2021 USPQ2d 126 (4th Cir. 2021) (Board decision upheld by 4th Circuit), *petition for rehearing en banc filed*, No. 18-2183, 18-2232 (4th Cir. March 2, 2021); *Belmora LLC v. Bayer Consumer Care AG*, 142 S.Ct. 483 (Nov. 15, 2021) (petition for writ of certiorari to the to the United States Court of Appeals for the Fourth Circuit denied). That is, such a claim arises where the defendant actually uses a mark in a manner "to deliberately

pass off its goods as those of the plaintiff." *Id.* (respondent's initial packaging copied petitioner's packaging and respondent "repeatedly invoked the reputation of petitioner's FLANAX mark when marketing respondent's FLANAX product in the United States"); *see also E.E. Dickinson Co. v. T.N. Dickinson Co.,* 221 USPQ 713, 715 (TTAB 1984) (petitioner alleged that respondent "willfully and deliberately commenced using its mark … to trade on petitioner's good will and to deceive the consuming public" and pleaded specific examples of how respondent was using the mark); *McDonnell Douglas Corp. v. Nat'l Data Corp.,* 228 USPQ 45, 47 (TTAB 1985) (granting motion to dismiss misrepresentation of source claim where there were "no allegations of conduct of respondent amounting to use of its registered mark in such a way as to misrepresent the source of the services as required by the board's prior decision."); *Osterreichischer Molkerei-und Kasereiverband Registriete GmbH v. Marks and Spencer Ltd.,* 203 USPQ 793, 794 (TTAB 1979) (misrepresentation of source claim lies where a "mark is being used by, or with the permission of, the registrant so as to misrepresent the source of the goods or services in connection with which the mark is used.").

There is nothing in the nature of a misrepresentation of source claim that would limit it to registered marks. Moreover, other claims expressly identified only in Section 14(3), *e.g.* fraud, abandonment and genericness, may be asserted in opposition proceedings.

Public policy further supports allowing a claim of misrepresentation of source in an opposition. It would be judicially inefficient to limit misrepresentation of source

8

claims to cancellation proceedings as a plaintiff with facts supporting multiple claims, including misrepresentation of source, would not be able to bring all of its claims in a single opposition proceeding potentially leading to piecemeal litigation. *Colorado Rive Water Conservation Dist. v. U.S.,* 424 U.S. 800, 818 (discussing the "desirability of avoiding piecemeal litigation"); *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.,* 338 F.3d 1353, 67 USPQ2d 1790, 1794 (Fed. Cir. 2003) (recognizing the "long-standing policy against piecemeal litigation"). The potential harm to a plaintiff also might be compounded if it were required to wait until a mark registers to assert misrepresentation of source.

For these reasons, we find that a plaintiff should be permitted to assert misrepresentation of source in an opposition. But because the claim arises from the blatant **misuse** of another's mark, a plaintiff must be able to point to present, not speculative future, activity of the defendant aimed at deceiving the public that results in the misrepresentation of source. *Otto Int'l, Inc. v. Otto Kern GmbH*, 83 USPQ2d 1861, 1864 (TTAB 2007). Accordingly, we find that misrepresentation of source is an available ground for opposition: (1) against a use-based application (either filed as use or amended to allege use) under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a); or (2) a non-use based application, provided that the opposer alleges sufficient facts to support use of the applied-for mark in commerce.

### 2. Sufficiency of Entitlement Allegations Arising from Alleged Misrepresentation of Source

Opposer must plead facts sufficient to demonstrate that it is entitled to bring a statutory cause of action against Applicant. *Peterson v. Awshucks SC, LLC*, 2020

USPQ2d 11526, at *5 (TTAB 2020) (citing *Australian Therapeutic Supplies Pty. Ltd. v. Naked TM, LLC*, 965 F.3d 1370, 2020 USPQ2d 10837, at *3 (Fed. Cir. 2020), *cert. denied*, 142 S. Ct. 82 (2021) (internal citation omitted)). A party in the position of plaintiff may oppose the registration of a mark where such an opposition is within the zone of interests protected by the statute, 15 U.S.C. § 1063, and the party's reasonable belief in damage is proximately caused by registration of the mark. *Peterson*, 2020 USPQ2d 11526, at *5 (citing *Corcamore, LLC v. SFM, LLC*, 978 F.3d 1298, 2020 USPQ2d 11277, at *6-7 (Fed. Cir. 2020), *cert. denied,* 141 S. Ct. 2671 (2021)).

"Proof of [entitlement to a statutory cause of action] in a Board opposition is a low threshold, intended only to ensure that the plaintiff has a real interest in this matter, and is not a mere intermeddler." *Syngenta Crop. Protection,* 90 USPQ2d at 1118 n.8 (citing *Ritchie v. Simpson,* 50 USPQ2d at 1025-26); *see also Meenaxi Enter., Inc. v. Coca-Cola Co.*, 38 F.4th 1067, 2022 USPQ2d 602, at *4 (Fed. Cir. 2022) ("While the zone-of-interest 'test is not especially demanding,' it nonetheless imposes a critical requirement.") (internal citations omitted); *Bayer Consumer Care AG v. Belmora LLC,* 110 USPQ2d 1623, 1631 (TTAB 2014) ("The Federal Circuit has enunciated a liberal threshold for determining [entitlement to a statutory cause of action].")*, aff'd* 338 F. Supp. 3d 477 (E.D. Va. 2018), *aff'd in relevant part, vacated and remanded on other grounds,* 987 F.3d 284, 2021 USPQ2d 126 (4th Cir. 2021).

Applicant argues that Opposer has not sufficiently alleged its entitlement to a statutory cause of action because "Opposer has not alleged any interest in a US

common law or federal trademark[.]" 9 TTABVUE 3. Opposer, however, need not allege ownership of a U.S. trademark to plead entitlement to a statutory cause of action. *See Australian Therapeutic*, 2020 USPQ2d 10837, at *1 (holding that a plaintiff in a Board proceeding may establish entitlement to bring a statutory cause of action "regardless of whether [the plaintiff] lacks a proprietary interest in an asserted unregistered mark"). The Federal Circuit has held that misrepresentation of source "extend[s] to the improper use of marks that cause commercial injury[.]" *Meenaxi v. Coca-Cola,* 2022 USPQ2d 602, at *6. Accordingly, a plaintiff pleading misrepresentation of source may plead entitlement based on reputational injury or lost sales provided that the plaintiff establishes a reputational interest in the United States. *Id.* at *4 (holding petitioner did not establish entitlement to a statutory cause of action because it failed to introduce sufficient evidence to support that its reputation extends to the United States).[8]

Here, Opposer has not pleaded any lost sales due to Applicant's alleged conduct. Rather, Opposer pleads injury to reputation in the United States and that Opposer will not be able to register its TORTRIX mark in the United States if the involved application matures to registration. Specifically, Opposer pleads:

---

[8] A plaintiff that can show an entitlement to a statutory cause of action on one ground has the right to assert any other grounds in an opposition or cancellation proceeding. *See Hole In 1 Drinks, Inc. v. Lajtay*, 2020 USPQ2d 10020, at *3 (TTAB 2020) (once standing shown on one ground, plaintiff has right to assert any other ground in proceeding); *Poly-Am., L.P. v. Illinois Tool Works Inc*., 124 USPQ2d 1508, 1512 (TTAB 2017) (if petitioner can show standing on the ground of functionality, it can assert any other grounds, including abandonment). We discuss entitlement to a statutory cause of action with respect to misrepresentation of source because, as discussed below, no grounds presently remain in the opposition.

- "For years, Opposers[9] have sold corn-based snack foods and related goods using the identical trademark, TORTRIX, shown in the application, in many countries in Central and South America. Opposers also own several registrations for the identical trademark, TORTRIX, for corn-based snack foods and related goods in many countries in Central and South America." 8 TTABVUE 3, ¶ 3.

- "As the result of Opposers' use and registration of TORTRIX in Central and South America, consumers have come to know, rely on, and recognize Opposers' goods by the mark TORTRIX, not just in Central and South America, but in the United States as well." *Id.* at ¶ 4.

- "On information and belief, Applicant is improperly importing, distributing, and/or selling Opposers' products in the United States, using Opposers' identical packaging with Opposers' identical trademark, or intends to do so." *Id.* at 4, ¶ 7.

- "On information and belief, Applicant intends to make, and/or is making, blatant misuse of the TORTRIX mark in a manner calculated to deceive U.S. consumers, and to trade on the goodwill and reputation of Opposers and Opposer's TORTRIX mark in the United States created by Opposers' use in Central and South America." *Id.* at ¶ 8.

- "Registration of the Application by Applicant would provide *prima facie* exclusive rights to Applicant to use and enforce rights in Opposers' trademark. Therefore, allowing registration of Applicant's mark is a source of damage and injury to Opposers inasmuch as it would preclude Opposers from properly owning and using its trademark in the United States and from preventing confusion among consumers in the United States." *Id.* at 6, ¶ 21.

---

[9] PepsiCo uses the plural "Opposers" in the amended notice of opposition to refer to itself and its alleged wholly owned subsidiary, Fabrica. Even though Fabrica is not joined as a party-plaintiff, PepsiCo can rely on allegations of Fabrica's use as a wholly owned subsidiary to establish its entitlement to a statutory cause of action. *See AT&T Mobility LLC v. Dormitus Brands LLC,* 2020 USPQ2d 53785, at *10 (TTAB 2020) (entitlement to a statutory cause of action established for parent corporation through damage to its wholly-owned subsidiary); *see also Target Brands Inc. v. Hughes*, 85 USPQ2d 1676, 1679 (TTAB 2007) (entitlement to a statutory cause of action established based, in part, on opposer's privity relationship, as a wholly-owned subsidiary, with company that had a competitive right to use mark descriptively).

Opposer has not pleaded a plausible entitlement to relief. The allegations that Applicant "intends to make, and/or is making, blatant misuse" of the TORTRIX mark and is "using Opposers' identical packaging with Opposers' identical mark or intends to do so" are merely speculative. Opposer has not pleaded any facts to support that Applicant is actually using the TORTRIX mark that would "raise [the] right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Nor has Opposer pleaded any facts to support how its use of the TORTRIX mark in Central and South America has resulted in the mark having a reputation among consumers in the United States. *Meenaxi v. Coca-Cola,* 2022 USPQ2d 602, at *9 (Coca-Cola did not prove that consumers in the United States were aware of its THUMS UP and LIMCA marks).

In view of the foregoing, Opposer has failed to sufficiently plead its entitlement to a statutory cause of action for misrepresentation of source, and as discussed below, no other ground for opposition presently remains.

### 3. Sufficiency of Misrepresentation of Source Allegations

A plaintiff asserting misrepresentation of source "must do more than make a bald allegation in the language of the statute, as this does not give fair notice of the basis for [the] claim." *Otto Int'l v. Otto Kern,* 83 USPQ2d at 1864. Specifically, a plaintiff must plead the following three elements to set forth a viable claim for misrepresentation of source: (1) present use of the challenged mark by the defendant; (2) specific acts or conduct by the defendant that are deliberately aimed at passing-off its goods as those of the plaintiff; *see id.*, and (3) the nature of the injury to plaintiff

as a result of defendant's deliberate conduct (i.e. damage to reputation or lost sales).

*See Meenaxi v. Coca-Cola,* 2022 USPQ2d 602, at *6.

In its amended notice of opposition, Opposer pleads that:

- "For years, Opposers have sold corn-based snack foods and related goods using the identical trademark, TORTRIX, shown in the application, in many countries in Central and South America. Opposers also own several registrations for the identical trademark, TORTRIX, for corn-based snack foods and related goods in many countries in Central and South America. 8 TTABVUE 3, ¶ 3.

- "As a result of Opposers' use and registration of TORTRIX in Central and South America, consumers have come to know, rely on, and recognize Opposers' goods by the mark TORTRIX, not just in Central and South America, but in the United States as well. *Id.* at ¶ 4.

- "On information and belief, Applicant was aware that Opposers were using the TORTRIX mark in Central and South America in connection with the Goods when it filed the Application seeking to register the identical mark in the United States." *Id.* at ¶ 6.

- "On information and belief, Applicant is improperly importing, distributing, and/or selling Opposers' products in the United States, using Opposers' identical packaging with Opposers' identical trademark, or intends to do so." *Id.* at ¶ 7.

- "On information and belief, Applicant intends to make, and/or is making, blatant misuse of the TORTRIX mark in a manner calculated to deceive U.S. consumers, and to trade on the goodwill and reputation of Opposers and Opposers' TORTRIX mark in the United States created by Opposers' use in Central and South America." *Id.* at 4, ¶ 8.

- "On information and belief, Applicant intends to use, and/or is using, the TORTRIX mark to misrepresent to consumers, including consumers in the U.S. familiar with Opposers' TORTRIX mark, that Applicant is the source of Opposers' goods sold and distributed in the United States under the TORTRIX mark." *Id.* at ¶ 9.

- "Applicant intends to pass off, and/or is passing off, Opposers' goods as those of Applicant." *Id.* at ¶ 10.

- "The TORTRIX mark is being or will be used by, or with the permission of, Applicant so as to misrepresent the source of the Goods on or in connection with which the mark is used. Registration of the Application therefore is unlawful and should be refused pursuant to 15 U.S.C. § 1064(3)." *Id.* at 5-6, ¶ 20.

The pleading is insufficient for several reasons.

First, as explained, a claim of misrepresentation of source may be asserted in an opposition only if the opposed mark is in use. Here, the involved application was filed based on an allegation of a bona fide intention to use the mark in commerce, Applicant has not filed an allegation of use of the mark in commerce, and the pleading is speculative as to whether Applicant is using the TORTRIX mark (e.g. Applicant "intends to use, and/or is using" and the mark "is being or will be used by" Applicant). Opposer must allege unequivocal facts to support that Applicant is using its mark. Mere speculation is not sufficient. *Twombly,* 550 U.S. at 555.

Second, Opposer has not alleged any unequivocal facts[10] to support that Applicant has engaged in specific acts or conduct, such as copying Opposer's display of its mark, product packaging or advertising, to support that Applicant is using the TORTRIX mark in a manner to deliberately pass-off its goods as those of Opposer. *See Bayer Consumer Care AG v. Belmora LLC,* 90 USPQ2d 1587, 1592 (TTAB 2009) (misrepresentation of source sufficiently pleaded where complaint included "photographic comparison of the parties' respective packaging" and allegations that

---

[10] In the amended notice of opposition, Opposer speculatively pleads "On information and belief, Applicant is improperly importing, distributing, and/or selling Opposers' products in the United States, using Opposers' identical packaging with Opposers' identical trademark, **or intends to do so**." 8 TTABVUE 3, ¶ 7 (emphasis added).

the "respondent copied petitioner's mark, including its particular display, and virtually all elements of its packaging"); *E.E. Dickinson,* 221 USPQ at 715 (misrepresentation of source claim sufficient where plaintiff alleged facts to support that the defendant was using its registered marks in an attempt to appropriate petitioner's "trade identity," namely, using a product label "giv[ing] prominence to 'T.N. DICKINSON'S' so as to colorably imitate and appropriate petitioner's 'DICKINSON'S' trademark," and using "a bottle … substantially identical to petitioner's and … a label which includes colorable imitations of and appropriates petitioner's 'YELLOW LABEL' and bull's eye mark"). Again, the pleading here is speculative. *See* 8 TTABVUE 3, ¶ 7.

Third, as discussed, Opposer has not alleged facts to support how Opposer's TORTRIX mark has a reputation among relevant U.S. consumers when it alleges use of the mark only in Central and South America. Opposer must allege facts that, if proven, would establish a nexus between its use of the TORTRIX mark in Central and South America and the alleged reputation of the TORTRIX mark among relevant U.S. consumers. Without such allegations of facts, Applicant has no fair notice of the basis for Opposer's conclusory allegation that its TORTRIX mark has a reputation in the United States.

Accordingly, Opposer has failed to state a claim for misrepresentation of source on which relief can be granted.

### 4. Sufficiency of Lack of Bona Fide Intent to Use Allegations

Opposer bases its lack of bona fide intent to use claim on allegations that "any use Applicant has made or will make of the TORTRIX mark in the United States is or would be unlawful pursuant to 15 U.S.C. § 1064(3) [Section 14(3)] and/or 15 U.S.C. § 1125(a)(1) [Section 43(a)(1)]"[11] and that "Applicant is not entitled to use the TORTRIX mark in commerce." 8 TTABVUE 4-5*, ¶¶* 11-12, 16, 17.

The Board will hold that a use of, or intent to use, a mark is unlawful only when either: (1) a court or government agency having competent jurisdiction under the statute involved has previously determined that the party is not in compliance with the relevant statute; or (2) the moving party has shown there is a per se violation of a statute regulating the sale of a party's goods. *See General Mills Inc. v. Health Valley*

---

[11] 15 U.S.C. § 1125(a)(1) reads:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

*Foods*, 24 USPQ2d 1270, 1273 (TTAB 1992); *Kellogg Co. v. New Generation Foods Inc.*, 6 USPQ2d 2045, 2047 (TTAB 1988). Accordingly, to plead a lack of bona fide intent to use claim on the ground that the intended use would be unlawful, a plaintiff must plead that (1) a court or agency has determined that use of the involved mark for the involved goods does not comply with a relevant statute; or (2) such use would be a per se violation of a relevant statute. *See In re JuJu Joints, LLC,* 120 USPQ2d 1568, 1569 (TTAB 2016) (holding that applicant could not have a bona fide intent to use its mark because the identified goods (cannabis and marijuana vaporizing apparatuses) were per se unlawful under the Controlled Substances Act); *see also John W. Carson Found. v. Toilets.com, Inc.,* 94 USPQ2d 1942, 1947-48 (TTAB 2010) (finding applicant could not have a bona fide intent to use the mark because a court had enjoined applicant from using the mark that violated opposer's right of publicity).

Opposer has not alleged any final determination of noncompliance by a court or agency. Rather, Opposer has alleged that Applicant's intended use of the TORTRIX mark would be a per se violation of Section 14(3) and Section 43(a)(1) of the Trademark Act. But a claim on such grounds is not viable.

A trademark cancellation or opposition proceeding for misrepresentation of source is a narrow cause of action seeking to cancel or prevent registration of a mark being used to misrepresent the source of the goods. *Meenaxi v. Coca-Cola*, 2022 USPQ2d 602, at \*4, n.3 (explaining that "Section 43(a) is meant to 'protect consumers from deception caused both by trademark infringement and false advertising.' Section 14(3) concerns similar conduct—deception through misrepresentation of source—but

18

it describes a narrower cause of action for cancelling the registration of a mark being used to misrepresent the source of the goods.") (internal citation omitted). In determining such a claim, the Board does not decide whether use of the involved mark is "lawful" but rather whether such use supports registration. Accordingly, there would be no "unlawful use" determination under Section 14(3).

In addition, Opposer's allegation that Applicant's intended use "would be unlawful pursuant to … 15 U.S.C. § 1125(a)(1)" would require the Board to decide a matter that is outside the Board's jurisdiction, namely, false designation of origin. *Fiat Grp. Autos. S.p.A. v. ISM, Inc.*, 94 USPQ2d 1111, 1116 n.8 (TTAB 2010) (claims under 15 U.S.C. § 1125(a) are outside the Board's jurisdiction); *see also* TBMP § 102.01.

Accordingly, Opposer has failed to adequately plead a claim that Applicant lacks a bona fide intent to use the involved mark.

### 5. Sufficiency of Allegations of Fraud on the USPTO

Fraud in procuring a trademark registration occurs when an applicant for registration knowingly makes a specific false material representation of fact in connection with an application to register, with the intent of obtaining a registration to which it is otherwise not entitled. *See In re Bose Corp.*, 580 F.3d 1240, 91 USPQ2d 1938, 1939 (Fed. Cir. 2009); *Qualcomm Inc. v. FLO Corp.*, 93 USPQ2d 1768, 1770 (TTAB 2010). A claim of fraud must set forth all elements of the claim with a heightened degree of particularity in compliance with Fed. R. Civ. P. 9(b). *See Asian and W. Classics B.V. v. Selkow,* 92 USPQ2d 1478, 1478 (TTAB 2009). Indeed, "the pleadings [must] contain explicit rather than implied expressions of the

circumstances constituting the fraud." *Id.* As such, "allegations made 'on information and belief' must be accompanied by a statement of facts upon which the belief is founded." *Id.* at 1479. In addition, intent to deceive the USPTO is a specific element of a fraud claim, and must be sufficiently pleaded. *In re Bose,* 91 USPQ2d at 1939-40; *Asian and W. Classics*, 92 USPQ2d at 1479.

Opposer alleges that Applicant made three false statements in its application, namely, that:

> (1) "the applicant is entitled to use the mark in commerce";
>
> (2) "[t]he applicant has a bona fide intention to use the mark in commerce"; and
>
> (3) "no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive[.]"

8 TTABVUE 4, ¶ 13.

Opposer's allegation that Applicant made the foregoing statements "with the intent to deceive the U.S. Patent and Trademark Office" is sufficient to plead the intent element of a fraud claim. *Asian and W. Classics,* 92 USPQ2d at 1479 (explaining that Fed. R. Civ. P. 9(b) allows intent to be alleged generally). But Opposer's allegation that Applicant "knew or should have known" that the foregoing statements were false is not sufficient to plead fraud. *In re Bose,* 91 USPQ2d at 1940-

41. A pleading of fraud requires an allegation that the defendant "knowingly" made a specific false statement. *Asian and W. Classics*, 92 USPQ2d at 1479. Opposer has not alleged sufficient facts to support that Applicant had knowledge of and relied upon false, material facts in presenting its application for registration.

With respect to the first alleged false statement, the oath set forth in the application states: "[T]he signatory believes that the applicant is entitled to use the mark in commerce."[12] Opposer has not alleged any facts to support that Applicant was not entitled to use the TORTRIX mark in commerce when it filed the application or that Applicant subjectively believed it was not entitled to use the mark.[13]

As to the second alleged false statement, as explained in Section III.B.4 above, Opposer has not pleaded sufficient facts to support that Applicant lacked a bona fide intent to use the mark when it filed the application. Accordingly, Opposer's fraud claim on this basis is not sufficiently pleaded.

Turning to the last alleged false statement, that no one else has the right to use the mark in commerce, there must be allegations that, when the application oath was signed, there was another use in "**commerce**" of a confusingly similar mark by a user with legally superior rights and that the applicant knew of the other user's superior

---

[12] Serial No. 90171766, September 10, 2020 Application, TSDR 4.

[13] To the extent Opposer intended to plead that Applicant is not entitled to use the mark because the only intended use is in connection with the unauthorized importing, distributing, and/or selling of Opposer's products, this claim is given no consideration as claims of infringement and unfair competition under 15 U.S.C. §§ 1114, 1124 are outside the Board's jurisdiction. *See FirstHealth of the Carolinas Inc. v. CareFirst of Md. Inc.*, 479 F.3d 825, 81 USPQ2d 1919, 1921 (Fed. Cir. 2007) (quoting TBMP § 102.01).

rights and either subjectively believed that a likelihood of confusion would result from applicant's use of its mark or had no reasonable basis for believing otherwise. *Intellimedia Sports, Inc. v. Intellimedia Corp.,* 43 USPQ2d 1203, 1206 (TTAB 1997) (setting out the elements for pleading fraud based on third-party use). "The word 'commerce' means all commerce which may lawfully be regulated by Congress." 15 U.S.C. § 1127.

Opposer's alleged use of the TORTRIX mark in Central and South America is not a use in "commerce" that Congress can lawfully regulate, and Opposer has not alleged that it or any other entity was using the TORTRIX mark in "commerce" giving rise to rights superior to Applicant. *See Belmora,* 110 USPQ2d at 1625-26 (dismissing fraud claim because petitioner failed to allege prior use of its mark in commerce, and therefore, "also did not sufficiently allege that it had legal rights superior to respondent's"); *cf. Person's v. Christman,* 14 USPQ2d at 1571-72 ("[A]ppellant failed to secure protection for its mark through use in U.S. commerce; therefore, no established business or product line was in place from which trademark rights could arise."). There also are no allegations that Applicant knew about any superior rights of a third party and either subjectively believed or had no reasonable basis not to believe that a likelihood of confusion would result from Applicant's use of its mark.[14]

---

[14] Mere conclusory allegations of another's superior rights are not sufficient. "The plaintiff must plead particular facts which, if proven, would establish that, as of the application filing date, the defendant believed that the third party had superior or clearly established rights … and that a likelihood of confusion would result from applicant's use of its mark. Alternatively, the plaintiff must plead particular facts (e.g. substantial identity between the parties' marks and goods or services, or a prior court decree or agreement of the parties which clearly establishes the other person's rights in the mark), which, if proven, would establish

For these reasons, Opposer has not sufficiently pleaded a claim of fraud.

### C. Determination on Motion to Dismiss

Opposer has failed to sufficiently allege a viable claim for relief. Accordingly, Applicant's motion to dismiss is **granted**.

## IV.  Applicant's Attorney Withdrawal

Applicant's attorney has requested to withdraw as Applicant's counsel of record in this proceeding. The request to withdraw as counsel complies with the requirements of Trademark Rule 2.19(b), 37 C.F.R. § 2.19(b), and Patent and Trademark Rule 11.116, 37 C.F.R. § 11.116, and is accordingly **granted**. The law firm of Margulies Law PLLC no longer represents Applicant in this proceeding.[15]

## V.  Summary and Proceeding Status

It is the Board's practice to grant leave to replead, if an amended pleading would not be futile, and the privilege of amendment has not been abused. *See, e.g., Wise F&I, LLC, et al. v. Allstate Ins. Co.*, 120 USPQ2d 1103, 1110 (TTAB 2016) (allowing time to cure defective pleading). If the law and facts so warrant, Opposer is allowed until **thirty days** from the date of this order to file a second amended notice of opposition sufficiently pleading misrepresentation of source, lack of bona fide intent

---

that, at the time the application was filed, defendant had no reasonable basis for its averred belief that no other person had a right to use the same or a confusingly similar mark on or in connection with the goods or services identified in the application." *Intellimedia Sports,* 43 USPQ2d at 1207.

[15] Ordinarily we would suspend these proceedings to allow Applicant time to appoint new counsel, or to file a submission stating that Applicant chooses to represent itself, but given the disposition of the motion to dismiss, we issue this order prior to any change in representation of Applicant.

to use and/or fraud.[16] If no amended complaint is filed, the opposition will be dismissed with prejudice.

If an amended complaint is filed, Applicant is allowed **until sixty days** from the date of this order to file a submission appointing new counsel, or to file a submission stating that Applicant chooses to represent itself, after which Applicant will be allowed time to respond to the amended complaint.

This proceeding otherwise remains **suspended**.

A copy of this order has been sent to all persons listed below.

cc: Bruce Margulies
    Margulies Law PLLC
    700 Market Street #218
    Chapel Hill, NC 27516
    bruce@marguliestrademark.com

    Arriera Foods LLC
    8402 Amparan Rd
    Laredo, TX 78045
    cocomex@gmail.com

    David E. Armendariz
    Pirkey Barber PLLC
    1801 East 6th Street, Suite 300
    Austin, TX 78702
    darmendariz@pirkeybarber.com

---

[16] Any amended notice of opposition is subject to Patent and Trademark Rule 11.18(b), 37 C.F.R. § 11.18(b). *See also* Fed. R. Civ. P. 11(b); TBMP § 318. Accordingly, Opposer should not assert a claim without knowledge of facts that support the claim or without a good faith belief that evidence showing the factual basis for the claim is likely to be obtained after a reasonable opportunity for discovery or investigation.

In addition, for the reasons explained, Opposer may not replead lack of bona fide intent to use based on unlawful use on the ground that any use would violate Section 14(3) of the Trademark Act or constitute a per se violation of Section 43(a) of the Trademark Act.